No. 12,900.

STATE EX REL ANNIE WILLIAMS VS. HON. F. A. MONROE, JUDGE, ETC.

SYLLABUS.

1st. Orders appointing receivers that arrest the execution creditor and take from the sheriff the property seized to satisfy the creditor's debt, are appealable. C. P. Art. 566 ; 16th Ann. 83 ; 46th Ann. 1107 ; *In re* Moss Cigar Co., 50th Ann. N. R.

2nd. Where the appeal applied for from such an order to the Court of Appeals is refused by the District Court, this court, in a proper case in the exercise of its supervisory jurisdiction, will stay proceedings in the District Court until the judges of the Court of Appeals, absent from the State when the application is made to this court, can act on the demand for the *mandamus* to compel the allowance of the appeal. Const. Art. 94.

ON APPLICATION for a writ of *mandamus.*

*Dinkelspiel & Hart* for Relatrix.

*Benjamin Rice Forman* for Respondent Judges, F. A. Monroe and N. H. Rightor.

Submitted on briefs November 7, 1898.
Opinion handed down December 5, 1898.
Rehearing refused January 23, 1899.

The opinion of the court was delivered by

MILLER, J. The Relatrix, a judgment creditor of a corporation, seized its property under execution. Subsequently the lower court, on an *ex parte* application of an alleged stockholder of the corporation,

9

made the appointment of a "provisional receiver" for the corporation. The seizing creditor thus arrested in the execution of his judgment, applied for a suspensive appeal from the order appointing the receiver, which was refused on the ground the order was not calculated to work irreparable injury, and, hence, was not appealable. The relatrix applied for the appeal to the Court of Appeals; the judges of that court, it was shown, were not in the State when the appeal was refused, and in that condition the application was made to one of the justices of this court, during our recess, for a writ of *mandamus,* to compel the allowance of the appeal. As the relatrix had sought an appeal to the Court of Appeals, to that court should the application have been made for the *mandamus,* and our order directed the proceedings to be stayed until the Court of Appeals, the judges of which court being then absent, acted on the application.

The petition for the writ showed that the Relatrix, with property of the corporation seized under her judgment for one hundred and fifty-five dollars, applied for the order of appeal from an order that putting the property of the corporation in the hands of a receiver arrested relatrix in the execution of her judgment, and took from the sheriff the property she had seized under her execution. Such orders under our jurisprudence are appealable. C. P. Art. 566; Martin vs. Blanchin, 16th Ann. 83; State *ex rel* Brewing Co. vs. Judge, 46th Ann. 101; State *ex rel* Gaiser vs. Judge, 46th Ann. 112; In re Moss Cigar Co. 50th Ann. not yet reported. Under our supervisory power it is competent for us to stay proceedings in the District Court under an order which is appealable, until the action of the Court of Appeals can be had, when the litigant applies for the appeal to the Court of Appeals, which the District Court refuses to grant. On the allegation in relatrix's petition, we deemed it a proper case for this order staying proceedings. Constitution, Art. 94. We are informed by the returns to our preliminary order that the Relatrix has made the application to the Court of Appeals for the *mandamus,* and in these returns we find other questions raised as to the jurisdiction of that court. These questions, we think, must be passed on by that court and not by this court, in the present phase of the controversy.

It is therefore ordered and adjudged that our preliminary order be maintained in so far as it stays proceedings until the action of the Court of Appeals on relatrix's application for a *mandamus.*